**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**GROUND CONNECTION LLC**                                    **PLAINTIFF**

**v.**                            **CASE NO: 5:18CV00181-JM**

**KRINNER SCHRAUBFUNDAMENTE GMBH**                    **DEFENDANT**

<u>**ORDER**</u>

Pending is Defendant's Motion to Dismiss Plaintiff's First Amended Complaint and to Compel Arbitration. (Doc. No. 35). Plaintiff has responded, and Defendant has filed a reply. For the reasons stated below, the motion is granted.

<u>Background Facts</u>

This case arises out of a floundering business relationship between the parties. According to the allegations in its first amended complaint, Plaintiff Ground Connection, LLC ("Ground Connection") entered into a distribution agreement with Defendant Krinner Schraubfundamente GMBH ("Krinner") in 2010 in which Ground Connection would distribute Krinner products within the United States.[1] Ground Connection characterizes this distribution agreement as a franchise. The Krinner product at issue in this dispute is a ground screw which Ground Connection targeted for use by the transportation industry—specifically the Texas Department of Transportation (TX-DOT)—to mount small highway signs. Ground Connection alleges that it spent years and tens of thousands of dollars modifying and marketing this ground screw to the TX-DOT, including modifying the screw's design to fit the TX-DOT specifications and getting the requisite approval by the Texas Transportation Institute (TII) and the Federal

---

[1] Ground Connection is an Arkansas limited liability company, and Krinner is a German limited liability company.

Highway Administration (FHWA). However, without Ground Connection's knowledge, Krinner had entered into a distribution agreement with Ground Connect, LLC (a Texas limited liability company, to be referred to as "Ground Connect-TX") in January of 2016 for the purpose of distributing ground screws to TX-DOT and the National Transportation Industry; this agreement granted Ground Connect-TX the exclusive right to distribute the screws in the transportation industry of the United States. Ground Connection learned of this agreement between Krinner and Ground Connect-TX in May of 2017.

Ground Connection filed its original complaint in September of 2017. In November of 2017, Krinner sent Ground Connection a letter terminating the parties' distribution agreement on the basis that Ground Connection was in breach of the agreement by failing to satisfy the agreement's minimum purchase quantity provision. On January 22, 2019, Ground Connection filed an amended complaint (Doc. No. 25) claiming tortious interference with contractual relations and business expectancy, constructive fraud, civil conspiracy, unjust enrichment, and violations of the Arkansas Franchise Practices Act ("AFPA").[2] It seeks monetary damages and injunctive relief to prohibit Krinner from continuing to violate the AFPA and the parties' distribution agreement.

On March 14, 2019, after the first amended complaint was filed, Ground Connect-TX terminated its distribution agreement with Krinner.[3] On April 29, 2019, Krinner notified Ground Connection that it was rescinding its November 2017 termination letter and reinstating

---

[2] Ground Connect-TX has also filed an action in the County Court of Travis County, Texas, asserting claims against Ground Connection for tortious interference and seeking a declaration of the parties' rights regarding the Krinner ground screws.

[3] Doc. No. 35, Exhibit 2.

the parties' distribution agreement "effective immediately."[4]

Krinner has responded to the amended complaint by filing a motion to dismiss the claims for injunctive relief and to compel arbitration as to the remaining claims.

Analysis

The Court's role in a challenge to enforcing an arbitration agreement is to determine whether there is a valid agreement for arbitration and whether the dispute falls within the scope of the arbitration agreement. *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d 816, 818 (8th Cir. 2015). The parties' distribution agreement states that if informal settlement negotiations are not successful, the parties shall submit "any controversy or claim arising out of or relating to this agreement, or the breach hereof" to arbitration to be conducted by the American Arbitration Association in New York.[5] Therefore, the Court finds, and Ground Connection does not dispute, that the parties had a valid arbitration agreement.

Claims for Tortious Interference and Civil Conspiracy

While Ground Connection concedes that some of its claims arise out of the agreement and are subject to arbitration, it argues that the claims for interference with a business expectancy and civil conspiracy—both tort claims—do not entirely arise out of the agreement.

The Eighth Circuit has held that an arbitration clause using the "arising out of" or "relating to" language "constitutes the broadest language the parties could reasonably use to subject their disputes to that form of settlement, including collateral disputes that relate to the agreement containing the clause." *Parm v. Bluestem Brands, Inc.*, 898 F.3d 869, 874 (8th Cir. 2018) (citing *Fleet Tire Serv. of N. Little Rock v. Oliver Rubber Co.*, 118 F.3d 619, 621 (8th Cir.

---

[4] Doc. No. 35, Exhibit 2.
[5] Doc. No. 3, p. 24.

3

1997)).  The question for the Court to resolve when construing a broad arbitration provision

such as this one is whether "the underlying factual allegations simply touch matters covered by

the arbitration provision." *Id.* at 875 (quoting *Unison Co. v. Juhl Energy Dev., Inc.*, 789 F.3d

816, 819 (8th Cir. 2015)).  This is not a high bar.

The Court is convinced that Ground Connection's claims for tortious interference and

civil conspiracy do more than simply touch on matters covered by the arbitration agreement.

Regarding the tortious interference claim, the first amended complaint states: "Ground

Connection, as a result of its efforts and expenditure of money, *and as a result of its agreement*

*with Krinner*, had a valid contractual relationship and business expectancy with TX-DOT."

(Doc. No. 25, ¶ 32) (emphasis added).  The claim for tortious interference is grounded squarely

on the parties' distribution agreement.

In its claim for civil conspiracy, Ground Connection alleges that Krinner entered into an

agreement with Ground Connect-TX "to accomplish the purpose that is unlawful and oppressive

by an unlawful or oppressive means." (Doc. No. 25, ¶41).  The factual underpinning of this

allegation is that *because* Ground Connection already had a distribution agreement with

Krinner, the agreement it subsequently entered into with Ground Connect-TX was unlawful.

The Court finds that the parties had a valid and broad agreement to arbitrate any claim

arising out of their distribution agreement and that all of Plaintiff's claims for monetary

damages, whether contractual or tortious in nature, arise out of their agreement.

<u>Claims for Injunctive Relief</u>

Ground Connection also argues that its claims for injunctive relief are expressly

excluded from the arbitration requirement of the distribution agreement.  Following the

provisions regarding informal settlement and arbitration, the agreement provides:

4

(c) Injunction. Notwithstanding subsections (a) and (b) of this Section to the contrary, any party may seek injunctive relief against the other party at any court of proper jurisdiction with respect to any and all preliminary injunctive or restraining procedures pertaining to this agreement or the breach thereof.

In its first amended complaint, Ground Connection seeks injunctive relief against Krinner to prohibit the alleged continued violations of the AFPA. Specifically, Ground Connection alleges: "Krinner's attempt to terminate this agreement is in violation of the Agreement and the Arkansas Franchise Practices Act which gives Ground Connection the remedy of injunctive relief to prohibit violations of the Arkansas Franchise Act" and "Ground Connection has and will suffer loss of business, goodwill and reputation in the transportation industry, including the TX-DOT, if Krinner is allowed to illegally terminate the agreement." (Doc. No. 25, ¶¶54-55). Ground Connection also alleges that the distribution agreement that Krinner entered into with Ground Connect-TX was in violation of its agreement with Ground Connection and in violation of the AFPA.

Krinner argues that Ground Connection's claims for injunctive relief are moot with the occurrence of two events that occurred after Ground Connection filed its first amended complaint: one, Ground Connect-TX terminated its distribution agreement with Krinner on March 14, 2019; and two, Krinner rescinded the termination and reinstated the distribution agreement with Ground Connection on April 29, 2019.

The Court agrees that Ground Connection's claims for injunctive relief are moot. There is no relief the Court could order that is more responsive to Ground Connection's requests for injunctive relief than that which has already been effectuated. With the termination rescinded and the distribution agreement reinstated, Ground Connections claims for injunctive relief are moot, and the motion to dismiss is granted as to these claims.

## Conclusion

Krinner's Motion to Dismiss First Amended Complaint and to Compel Arbitration (Doc. No. 35) is GRANTED. Ground Connection's claims for injunctive relief are dismissed as moot, the remaining claims are referred to arbitration, and the case is stayed pending arbitration. The Clerk is directed to administratively terminate this case, and either party may move to reopen when arbitration concludes.

IT IS SO ORDERED this 1st day of August, 2019.

_____
UNITED STATES DISTRICT JUDGE